UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAV NIKOLLBIBAJ et. al.,<br><br>                            Plaintiffs,<br><br>        v.<br><br>U.S. FOODS, INC.,<br><br>                            Defendant. | Case No. 21-cv-06914<br><br>Judge Thomas M. Durkin |

**PLAINTIFF, JAV NIKOLLBIBAJ'S, REPLY BRIEF IN SUPPORT OF MOTION
FOR RELIEF FROM JUDGMENT**

**I.      INTRODUCTION**

Defendant, U.S. Foods, Inc.'s ("U.S. Foods"), Response to Plaintiff's ("Chef John") Motion for Relief from Judgment completely misses a fundamental point – what constitutes "a reasonable time" under controlling principles of law in the 7th Circuit is a highly fact intensive inquiry. In fact, the 7th Circuit has held that a delay of 49 weeks was reasonable under certain circumstances. *See*, e.g., *United States* v. *$48,595*, 705 F.2d 909, 912 (7th Cir. 1983). As discussed in his initial Motion papers, Chef John must prove not only that Mr. Biss had a stroke and was incapacitated but that he was unable to communicate his condition to anyone – not Chef John, not Mr. Mora[1], not Mr. Doyle and not to the Court. He has sufficiently done so.

Chef John's Michigan counsel was well aware of the 7th Circuit's legal requirements for obtaining relief here. Despite countless communications with the Receiver and the Conservator in

---

[1] U.S. Foods' argument that Chef John's local counsel should have been aware of the situation with Mr. Biss ignores reality. Mr. Biss could not communicate. Moreover, Mr. Mora withdrew as counsel for Chef John pursuant to an Order dated October 24, 2023. (ECF No. 44). The case was not dismissed until more than a week later.

Virginia in early months of 2024, who were purportedly handling Mr. Biss's cases and affairs, Chef John's Michigan counsel was only able to obtain from the Receiver a copy of the Receivership Order and from the Conservator a copy of the Conservatorship Order. Although each of those Orders stated, in substance, that Mr. Biss had a stroke and had been hospitalized in the Intensive Care Unit at the University of Virginia hospital, Chef John's Michigan counsel had concerns about whether the information contained in those Orders was sufficient to meet the legal requirements for relief from the November 7, 2023 Judgment. They did not provide any further details concerning Mr. Biss's medical condition.

Over the course of the next several months, Chef John's Michigan counsel made numerous additional phone calls to the Receiver and Conservator. Neither the Receiver nor the Conservator was able to provide any further documentation. Ultimately, in early November 2024, after several attempts to contact the Virginia State Bar, Mr. Noonan spoke with an attorney for the State Bar who was able to provide the Receiver's First Report. That Report provided that: "In August 2023 Biss suffered a stroke that incapacitated him, confining him to full-time care in a hospital **and preventing him from communicating with clients** or otherwise practicing law." (*ECF No. 48-2, PageID 280*) (*emphasis added*). Chef John's counsel finally had the detailed information he needed to file the Motion.

Despite his vigilance in trying to obtain this information, it took Chef John's counsel quite some time to do so. Further exacerbating Chef John's Michigan's counsel's efforts were his own health issues. Since January of 2024, Mr. Noonan has been undergoing extensive medical treatment for advanced stage gall bladder cancer. While Mr. Noonan has made every effort to keep his practice moving at its historical fast pace, side effects from the treatment impacted his health and prevented him from working at his normal pace. Mr. Noonan obtained the information needed

to file this Motion as soon as he realistically could with reasonable diligence. Chef John's Motion is timely.

U.S. Foods' remaining arguments are just as meritless and should likewise be rejected by this Court. Chef John's Motion should be granted.

## II. ARGUMENT

### A. Chef John's Motion is Timely Because it was Filed within One Year of the Entry of the November 7 Judgment.

U.S. Foods is simply wrong when it claims that Chef John's Motion was not timely because it was filed on November 7, 2024 – one year after the November 7 Judgment was entered on the docket. (*ECF No. 47*). Even though the November 7 Judgment is dated November 3, 2023, it is the date of entry that controls for purposes of timeliness under Rule 60. *See SEC* v. *Van Waeyenberghe*, 284 F.3d 812, 815 (7th Cir. 2002) (*citing Darne* v. *Wisconsin*, 137 F.3d 484, 486 n. 1 (7th Cir. 1986)). Consequently, because the November 7 Judgment was entered on November 7, 2023, Chef John had one year from that date – until November 7, 2024 – to file his Rule 60 Motion, which he did.

Equally untenable is U.S. Foods' argument that Chef John's Motion is untimely because it was filed 366 days after the November 7 Judgment because 2024 was a leap year. Rule 60 expressly provides that Rule60(b)(1) motions must be filed "no more than a year" after the entry of the Dismissal Order. *See Fed. R. Civ. P. 60(c)(1)*. That 2024 was a leap year is not relevant; a year is a year regardless of whether it is a leap year. *See Merriweather* v. *City of Memphis*, 107 F.3d 396, 399 (6th Cir. 1997) (when a statute defines a year as a calendar year, all years should be treated the same, regardless of whether they have 365 or 366 days); *Carreras-Rosa* v. *Alves-Cruz*, 127 F.3d 172, 174 (1st Cir. 1997) ("One year means 365 days, or 366 days in a leap year."); *LaRosa* v. *Cove Haven, Inc.*, 840 F.Supp. 319, 321 (M.D. Pa. 1993) ("a year is a period consisting of either

3

three hundred sixty-five (365) days, in the common sense, but also three hundred sixty-six (366) days, when that same statutory period includes a leap year").

### B. Chef John's Motion was Filed Within a Reasonable Time.

U.S. Foods also is simply wrong when it contends that Chef John's Motion was not filed within a reasonable time under Rule 60(c)(1). "[W]hat constitutes 'reasonable time' for a filing under Rule 60(b) depends on the facts of each case." *Ingram* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004). Although "[t]here is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion," courts look at "the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties." *Kagan* v. *Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986) (*internal citations omitted*). Concerning the reasons for the delay, courts in this Circuit have noted that the "controlling issue is whether the defendant exercised reasonable diligence by bringing the motion when he did." *Chicago Dist. Council of Carpenters Pension* v. *Hewitt & Hewitt Constr. Co., Inc.*, 1996 WL 4432, 2 (N.D. Ill. April 4, 1996).

It is well-established that counsel's illness is sufficient grounds for relief under Rule 60 where, as here, the attorney's illness was so incapacitating that it prevented him from communicating with his or her clients, opposing counsel or the court. *See generally Rivera-Velazquez* v. *Hartforn Steam Boiler Inspection & Ins. Co.*, 750 F.3d 1, 5 (1st Cir. 2014) (explaining in the context of a motion for Rule 60(b)(1) relief that an attorney's illness may qualify as an extraordinary circumstance but that the attorney must notify court of such illness unless the illness suggests a "complete inability" to communicate with the court). The delay in filing here is reasonable because it took counsel much of 2024 to obtain sufficient documentation to show

that Mr. Biss's stroke was so severe that it prevented him from contacting anyone, much less the Court, his clients and local counsel.

Beginning in February of 2024, Chef John's counsel began contacting the Receiver and the Conservator to attempt to obtain the above noted information. *See e.g., Ex. A: See Ex. B*. Although most of Mr. Noonan's communications to the Receiver and Conservator were not returned, he ultimately spoke with both of them in April and May of 2024. It was during these communications that Mr. Noonan obtained a copy of the Receiver Order from the Receiver and the Conservator Order from the Conservator. While these documents do clearly establish that Mr. Biss had a stroke and had spent time in the hospital, they do not provide any further detail about Mr. Biss's condition. Consequently, Chef John's Michigan counsel was concerned that these documents may not be enough to prevail on the Motion. *See Exhibit D: Noonan Declaration*.

Eventually, after several more unsuccessful months of trying to discuss the situation with the Receiver and the Conservator, Mr. Noonan contacted the Virginia State Bar. Ultimately, after several more weeks of trying to speak to someone at the Virginia State Bar, Mr. Noonan was able to obtain a copy of the Receiver's First Report. That Report clearly stated that: "In August 2023 Biss suffered a stroke that incapacitated him, confining him to full-time care in a hospital **and preventing him from communicating with clients** or otherwise practicing law." (*ECF No. 48-2, PageID 280*) (*emphasis added*). Mr. Noonan did not receive the Receiver's First Report until early November 2024. He promptly filed this Motion shortly thereafter.

Under these circumstances, Chef John filed his Motion within a reasonable time. In fact, courts in the Seventh Circuit held that 49 weeks of delay is a reasonable time under certain circumstances. *United States* v. *$48,595*, 705 F.2d 909, 912 (7th Cir. 1983). This is especially true

5

when further considering Mr. Noonan's serious health conditions, which impacted his ability to practice at his normal pace throughout 2024. Chef John's Motion should be granted.

### C. There is No Prejudice to U.S. Foods.

U.S. Foods cannot say with a straight face that it would be prejudiced if this case were reinstated. U.S. Foods had been obstructing discovery and engaging in delay tactics for much of this litigation. For example, U.S. Foods objected to every single document request from Chef John – all of which were reasonable in scope and unquestionably discoverable and relevant. *See Exhibit C: U.S. Foods Responses to Document Requests*. U.S. Foods has refused to produce a single document responsive to Chef John's document requests. U.S. Foods has been the masters of delay in this case. They cannot legitimately claim that a year delay here will change its position in any meaningful way. Additionally, dismissal for failure to prosecute is a harsh sanction. *See Kruger* v. *Apfel*, 214 F.3d 784, 787 (7th Cir. 2000). Finally, the prejudice to Chef John if the Court were to deny this Motion is much greater than any alleged prejudice to U.S. Foods. Chef John's Motion should be granted. *Bavender* v. *Potter*, 233 F.Supp.2d 1036, 1038 (S.D. Ind. 2002) ("the prejudice to [moving party] by dismissing the case is far greater than any potential prejudice to [defendant] in vacating the dismissal…", especially "since the case was never decided on the merits.")

This case can, and should, be decided on the merits. As to the merits, U.S. Foods' argument that Chef John's case is weak is inaccurate and disingenuous. The Court has already denied (in part) U.S. Foods' Motion to Dismiss and held that Chef John pled valid claims for Breach of Contract, Promissory Estoppel and Quantum Meruit/Unjust Enrichment. (*ECF No. 25*). Additionally, U.S. Foods' delay tactics in refusing to produce responsive documents prevented Chef John from obtaining discovery to which he is unquestionably entitled. Chef John strongly suspects that U.S. Foods' bad faith in refusing to produce any responsive documents is because

U.S. Foods knows some of its responsive documents will be damaging – and potentially extremely damaging – to its position. Chef John is entitled to this discovery and for his case to be decided on the merits.

### III. CONCLUSION

For the foregoing reasons, Chef John respectfully asks that the Court grant this Motion, set aside the Judgment and reinstate this case and award him any other relief the Court deems equitable and just.

Dated: January 13, 2025

Respectfully submitted,

JAV NIKOLLBIBAJ

By: _/s/ Steven H. Mora_
    One of His Attorneys
Steven H. Mora
Steven Mora Law
smora@stevenmoralaw.com
52 N. Avery Court
Palatine, IL 60067
(847) 404-0993