**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAV NIKOLLBIBAJ and
GEOFF DE WEAVER,

          Plaintiffs,

          v.

US FOODS, INC.; PIETRO SATRIANO; and
STEPHEN C. ROBINSON,

          Defendants.

No. 21 C 6914

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

At a hearing on November 3, 2023, the Court granted Defendants' motion to dismiss this case with prejudice for failure to prosecute. *See* R. 46. This decision was based on Plaintiffs' failure to appear at the hearing and emails showing that Plaintiffs' lead counsel had not responded to Defendants' counsel's attempts at communication since July 2023. *See* R. 45-10. A minute order memorializing the hearing and the dismissal was entered that same day. *See* R. 46. However, judgment was not entered until November 7, 2023. *See* R. 47 (judgment order dated Nov. 3, 2023, but receipt showing that it was not entered on the docket until Nov. 7, 2023).

One year later, on November 7, 2024, Plaintiffs filed a motion for relief from judgment based on "excusable neglect." Fed. R. Civ. P. 60(b)(1). In this motion, Plaintiffs informed the Court that their lead counsel, Steven Biss, suffered a stroke in August 2023, which caused him to be unable to practice law or communicate. *See*

R. 48 at 2. Plaintiffs contend that they were unable to learn this information and take action in this case until they filed their motion a year after judgment was entered.

This is simply an unacceptable explanation. While Mr. Biss's stroke is tragic and certainly excuses any responsibility he had for this case, it is irrelevant to the actions of Plaintiffs' local counsel, Steven Mora; Plaintiffs' new counsel, Thomas Noonan; and Plaintiffs themselves.

Mr. Mora was aware that Mr. Biss had stopped communicating as early as September 2023. *See* R. 45-10. When on October 19, 2023, Defendants' counsel sent the last of series of emails inquiring with Mr. Biss and Mr. Mora regarding the status of the case, Defendants' counsel noted that Mr. Mora had informed Defendants' counsel that "he had not heard from Mr. Biss in several months" and was "unable to tell [Defendants' counsel] plaintiffs' intentions with respect to pursuing their claim in this case." *See id.* at 1. Of course, Mr. Mora could have learned his clients' intentions by asking them. Yet, five days later, Mr. Mora filed a motion to withdraw (erroneously describing himself as Defendants' counsel). *See* R. 43. In other words, Mr. Mora abandoned the case. This might have been excusable had Mr. Mora been hired by Mr. Biss, and had no direct relationship with Plaintiff Nikollbibaj. But Mr. Nikollbibaj states in his declaration that he personally hired Mr. Mora even before he hired Mr. Biss. *See* R. R. 48-1 at 1 (¶¶ 2-3). Notably, even though his motion to withdraw was granted, Mr. Mora is the attorney who filed this motion and the reply brief.

Meanwhile back in the fall of 2023, Mr. Nikollbibaj was also attempting to determine why Mr. Biss had stopped responding to his communications. But instead of contacting Mr. Mora, Mr. Nikollbibaj simply "continued to attempt to contact Mr. Biss by email through December 2023." R. 48-1 at 2 (¶ 5). When Mr. Biss never responded, Mr. Nikollbibaj hired new counsel, Mr. Noonan, in January 2024. Still no one—Mr. Mora, Mr. Noonan, or Mr. Nikollbibaj—saw fit to make some contact with the Court to indicate that Plaintiffs intended to continue to pursue this case.

Once hired, Mr. Noonan reviewed the docket in this case and saw that judgment had been entered against Plaintiffs. *See* R. 48-7 at 1 (¶ 4). Instead of taking action to preserve Plaintiffs' claims, Mr. Noonan also attempted to contact Mr. Biss. When that was unsuccessful, Mr. Noonan contacted attorneys in Mr. Biss's home state of Virginia and learned of Mr. Biss's stroke. Even then, Mr. Noonan did not contact the Court. Instead, "over the course of several months," he says he went to great lengths to obtain Mr. Biss's file for this case. *See* R. 48-7 at 2 (¶ 7). This included contacting the Receiver and Conservator who were appointed by the Virgina State Bar "to handle issues relating to Mr. Biss's business." R. 54-4 at 2.

This baffling course of events it made even more mysterious by the fact that Mr. Noonan called Defendants' counsel and left a voicemail regarding the case on November 14, 2023, two months before he and Mr. Nikollbibaj claim he began work on the case. According to Defendants, Mr. Noonan stated in the voicemail that he was already aware that Plaintiffs' case had been dismissed and he was attempting to determine what had happened to Mr. Biss and how he would best try "to get [the

case] reinstated." R. 51 at 3-4. Mr. Noonan says he has no memory of making the call but admits that his phone records show he called Defendants' counsel on November 14, 2023. *See* R. 54-4 at 1 (¶ 4). Mr. Noonan notes that he has been undergoing cancer treatment since January 2024, which has had a "significant impact on [his] law practice." R. 54-4 at 3. Perhaps, this explains why he does not remember the phone call.

Even disregarding Mr. Noonan's November 14 voicemail, none of the actions taken by Mr. Mora, Mr. Nikollbibaj, or Mr. Noonan, were reasonable with respect to pursuing Plaintiffs' claims in this case. All of them had an obligation to contact the Court as soon as they were aware that Mr. Biss had become incapacitated, and that Plaintiffs intended to continue to pursue their claims. This is especially true of Mr. Mora and Mr. Noonan. Mr. Mora simply withdrew from the case despite his knowledge that Mr. Biss was no longer effectively assisting Plaintiffs. Mr. Mora should have included this information in his motion to withdraw. Had he done so, the Court would have promptly held a status hearing and ordered Mr. Mora to ensure that Mr. Nikollbibaj appeared so that the Court could inform Mr. Nikollbibaj of his ability to proceed pro se and make a motion to vacate the dismissal.

As for Mr. Noonan, as soon as he learned in January 2024 (or perhaps earlier) that judgment had been entered against Plaintiffs in this case, he should have advised Plaintiffs that action needed to be taken in court to seek relief from the judgment. Plaintiffs argue that they first had to build a case regarding Mr. Biss's health "sufficient to meet the legal requirements for relief from the November

7, 2023 Judgement." R. 54 at 2. Describing this argument as "putting the cart before the horse" doesn't do it justice—it is simply preposterous. As soon as Plaintiffs learned that Mr. Biss had been incapacitated, they should have informed the Court and sought relief from the judgment. To the extent additional details were necessary to explain the failure to prosecute—and the Court does not see what further detail was required—Plaintiffs should have investigated those details only *after* informing the Court (and Defendants) that they still intended to continue to pursue the case.

Plaintiffs argue that relief from judgment is justified when a party's attorney suffers illness or incapacity. *See* R. 48 at 6-7 (citing cases). Of course this is true. But that is not the issue here. The issue, rather, is that no one on Plaintiffs' side acted expeditiously to inform the Court of Mr. Biss's incapacity or Plaintiffs' intent to continue to pursue their claims. Mr. Biss's incapacity appears to be the proximate cause of the failure to prosecute leading to the entry of judgment. But Mr. Biss had nothing to do with Plaintiffs' failure to inform the Court when they learned of Mr. Biss's incapacity no later than January 2024. But Plaintiffs did not file this motion until nearly eleven months later, effectively abandoning the case. Defendants have a right to rely on final resolution of a case when a plaintiff abandons it, absent a reasonable excuse for delay in prosecuting it. The eleven month delay is inexcusable for the reasons discussed. So, Plaintiffs' motion for relief from judgment [48] is denied.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: April 30, 2025